## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO: _____

RAY MOUNT, an individual,

     Plaintiff,

v.

AMERICA'S INSURED, LLC
a Florida limited liability company,
KENNETH PARSONS, an individual, and
CHRISTOPHER ALLENGER, an individual,

     Defendants.

_____/

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, RAY MOUNT (hereinafter "Mount" or "Plaintiff"), an individual, by and through his undersigned counsel in the above-styled cause, hereby files this Complaint against Defendants, America's Insured, LLC, KENNETH PARSONS ("Parsons") and CHRISTOPHER ALLENGER ("Allenger") (wherein America's Insured, LLC, Parsons and Allenger are collectively referred to hereinafter as "Defendants") and hereby alleges as follows:

### INTRODUCTION

1.    This is an action in law and equity for trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114, Federal unfair competition and false

designation of origin pursuant to 15 U.S.C. § 1125, and violations of the Anti-Cybersquatting Consumer Protection Act pursuant to 15 U.S.C. § 1125. This action arises from Defendants' repeated and willful misappropriation of Mount's federally registered "AMERICA'S INSURED" trademark (the "Registered Mark"), which is registered on the Principal Register of the United States Patent and Trademark Office and embodied in U.S. Trademark Registration No. 6,759,316 ("the '316 Registration"). *See* **Exhibit A** (Registration Certificate).

2.      Although the Registered Mark was registered on June 14, 2022, it enjoys a first use anywhere and in commerce date dating back to January of 2000. Specifically, the Registered Mark is used in connection with the sale of insurance agency and brokerage services ("the Services") in International Class 036. *See id.*

3.      Since at least June 1, 2020, Defendants have been participating in a pattern of intentional and calculated behavior aimed at capitalizing on Mount's reputation, goodwill, and customer base and misleading consumers into purchasing Defendants' identical and competing insurance services. Defendants' pattern and practice of offering for sale and rendering various services featuring the Registered Mark or confusingly similar variants thereof must end. Defendants' misuse of the Registered Mark in association with rendering Defendants' services has been willful, intentional, and damaging to Mount, significantly injuring Mount's hard-earned reputation and goodwill among consumers and professionals in the industry.

Defendants' knowing, willful, and continued violation of federal law has, therefore, necessitated the filing of the instant action.

## PARTIES

4.    Plaintiff Ray Mount, individually, is a resident of the State of Florida and at all times material hereto was residing in Osceola County, Florida, and is otherwise *sui juris*.

5.    Defendant Christopher Allenger, individually, is a resident of the State of Florida and at all times material hereto was residing in Port St. Lucie County, Florida, and is otherwise *sui juris*.

6.    Defendant Kenneth Parsons, individually, is a resident of the State of Florida and at all times material hereto was residing in Hillsborough County, Florida, and is otherwise *sui juris*.

7.    Defendant America's Insured, LLC is a Florida limited liability company with a principal place of business at 951 Southwest Country Club Drive, Port Saint Lucie, Florida.

## JURISDICTION AND VENUE

8.    The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331.

9.    Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2) and as set forth below.

10.    All conditions precedent to bringing this action have occurred, been performed, or been excused.

## FACTUAL ALLEGATIONS

### Plaintiff's Mark

11.    The Registered Mark has roots of use dating as far back as 1999.

12.    Since the early 2000s, Carl Mount Insurance Agency, a sole proprietorship ran by Plaintiff's father, Carl Mount, and Plaintiff conducted interstate commerce as an insurance agency based in the state of California.

13.    Specifically, the Carl Mount Insurance Agency and Mount utilized the Registered Mark in connection with the marketing, offering, and rendering of the Services.  The Registered Mark was used in print and electronic advertising.

14.    On or about January 2006, Carl Mount passed away, and Plaintiff began solely using the Registered Mark in commerce for the Services.

15.    Since at least 2006 to present, Mount has continued to utilize the Registered mark in commerce, which included the creation and operation of www.americasinsured.net, a domain created on or around March 14, 2011.

16.    On or about August 7, 2018, America's Insured, LLC, a Florida Limited Liability Company, was formed at the behest of Mount and managed by Brent Agrusa ("Agrusa") who reported to and took direction from, at least with respect to control and utilization of the Registered Mark, from Mount. Agrusa also agreed to provide Mount access to the company's online bank accounts, agreed to provide Mount the

company's bank account statements, and acknowledged Mount would have the ability market and advertise the Registered Mark himself and speak to prospective and actual clients of the company.

17.     On or before the formation of America's Insured, LLC, Mount had purchased the following domain addresses: AmericasInsured.net; AmericasInsured.org; AmericasInsured.club; and AmericasInsured.info.

18.     America's Insured, LLC was registered as a Florida Limited Liability Company to operate as an aggregator or sub aggregator to preferred markets.

19.     Agrusa was a licensed insurance agent in the State of Florida and served as the managing member of America's Insured, LLC.

20.     An aggregator acts as a middleman to allow insurance agents the ability to write policies of insurance for insurance companies to which the agent is unappointed or otherwise lacks a relationship with the insurance company.

21.     At or around creation of America's Insured, LLC, Mount and Agrusa created a logo ("Design Mark") to accompany the Registered Mark. The logo consists of red, white and blue colors shaped in the formation of a ribbon. Within the ribbon was a series of stars arranged in a circular pattern surrounding a building and book. Beneath the ribbon, the terms "AMERICA'S INSURED" appear in Calibri font. Beneath the terms "AMERICA'S INSURED," the mark contains the phrase ""The Place Where America's Insured"" In smaller font. A copy of the Design Mark is depicted below.



22.    Pursuant to an oral agreement and understanding between Mount and Agrusa, the Design Mark and the Registered Mark (collectively referred to herein as "the Marks") were permitted to be utilized by America's Insured, LLC and were advertised through the domain address www.americasinsured.net.

23.    Specifically, Mount authorized, permitted, and licensed use (under a non-exclusive and revokable basis) of the Marks to America's Insured, LLC for the purposes of marketing and obtaining monetary value attributable to American's Insured, LLC and indirectly to Mount.

24.    More specifically, in consideration of America's Insured, LLC's licensed use of the Marks, it was agreed by Agrusa on behalf of America's Insured, LLC, that in exchange for the licensed use of the Marks America's Insured LLC would honor its agreements and obligations to Mount set forth in ¶ 16 of this Complaint and would also agree to provide Mount a controlling ownership stake in the company once Mount became a licensed insurance agent in the State of Florida, wherein these obligations were considered material to the continued and licensed use of the Marks by America's Insured, LLC.

**Defendants' Actions**

25.     On or about April 2020, Agrusa notified Mount that Agrusa no longer would continue to serve as the managing member of America's Insured, LLC.

26.      As such, Mount began searching for an insurance agent who would act as the managing member of America's Insured, LLC. To that end, on or about May 2020, Mount began discussions with Defendants Parsons and Allenger to assume management roles with America's Insured, LLC.

27.     Parsons is a licensed insurance agent in Florida and former marketing representative of Avatar Insurance. Allenger was a former marketing representative for Avatar Insurance.

28.     On June 1, 2020, the Parties orally agreed as follows:

    a.     Agrusa would transfer ninety-eight percent (98%) ownership of America's Insured, LLC to Parsons and Allenger; and

    b.     Parsons and Allenger would then transfer fifty percent (50%) of the nighty-eight percent (98%) ownership of America's Insured, LLC to a predetermined entity designated by, and owned and/or controlled by, Mount.

29.     On or about June 1, 2020, Mount and Richard Oehler ("Oehler"), Certified Public Accountant, and agent of America's Insured, LLC, prepared agreements ("Transfer Agreements") to transfer the ninety-eight percent (98%) of America's Insured, LLC to Parsons and Allenger.

30.    Oehler was also expected to prepare an agreement to transfer fifty percent (50%) of America's Insured, LLC from Parsons and Allenger to what would be America's Insured Holdings, LLC.

31.    On or about June 1, 2020, prior to Parsons and Allenger executing the transfer of ninety-eight percent (98%) ownership of America's Insured, LLC, Oehler advised Parsons and Allenger that they were required to transfer shares to what would be America's Insured Holdings, LLC in accordance with the Parties' oral agreement and understanding.

32.    Defendants acknowledged, understood and represented they would transfer fifty percent (50%) of the America's Insured, LLC shares to what would be America's Insured Holdings, LLC.

33.    After executing the Transfer Agreements, Parsons and Allenger refused to execute the transfer of fifty percent (50%) of their shares to what would be America's Insured Holdings, LLC.

34.    Instead, Parsons and Allenger, as new managing members of America's Insured, LLC, assumed control of the majority interest and began improperly utilizing the Marks and the domain AmericasInsured.net, thereby breaching the terms of the license for at least the reasons that Mount: (1) was prevented by Defendants from having access to the company's online bank accounts; (2) was not given the company's bank account statements, (3) was prevented by Defendants of having complete control and utilization of the Registered Mark; (5) Parsons and Allenger failed execute the agreements referenced above, and (as of October of 2022) and that (6) Defendants

failed to honor the prior agreement to provide a controlling ownership stake in the company to Mount based on him becoming licensed in Florida.

35.    Mount revoked the oral license to use the Marks that he had granted to America's Insured, LLC once Parsons and Allenger refused to execute the transfer of fifty percent (50%) of their shares to what would be America's Insured Holdings, LLC.

36.    On or around May 28, 2020, Parsons and Allenger, secretly and without authorization or consent from Mount, registered the domain, www.americasInsured.online ("the Infringing Domain"), create a new website and utilized the Marks in connection therewith ("the Infringing Marks").

37.    The Infringing Domain and Defendants' unauthorized use of the Infringing Marks is depicted in **Exhibit B** and below.



38.    The Infringing "AMERICA'S INSURED" Mark and the Registered Mark are identical in sound, pronunciation, and visual appearance.



39.    The Infringing  Mark is an exact, identical replica of the Design Mark.

40.    The Infringing Marks and the Registered (and Design) Marks engender the same commercial impression to consumers.

41.    The Infringing Marks and the Registered (and Design) Marks comprise the identical literal matter "AMERICA'S INSURED."

42.    The Infringing Marks and the Registered (and Design) Marks are used in connection with the marketing, offering, and rendering of similar, overlapping, and identical insurance agency and brokerage services.

43.    The Infringing Marks and the Registered (and Design) Marks are marketed to consumers over the Internet.

44.    Mount is informed and believes, and based thereon alleges that, Parsons and Allenger were (and still are) the driving force and actively participate in making all decisions at America's Insured, LLC, including the deliberate decisions to adopt the Infringing Marks and to register and employ the Infringing Domain.

45.    Mount never sold, conveyed, assigned, transferred, or licensed the Marks to Parsons or Allenger, individually.

46.    The continued use of the Marks following the execution of the Transfer Agreement on June 1, 2020, was, therefore, done without the consent, permission, or authorization of Mount.

47.    As such, at the time Defendants adopted the Infringing Marks, Mount did not convey, assign, transfer or license the Marks to America's Insured, LLC.

48.    Mount has been forced to hire the undersigned counsel to represent his interests in this matter and is required to pay these attorneys a reasonable fee for their service.

49.    On or around July 20, 2021, Mount filed a formal complaint against the Defendants, captioned *Mount v. Parsons et al.*, Case No. 2021-CA-2060, in the Circuit Court of the Eighteenth Judicial Circuit, In and For Osceola County, Florida ("State Proceeding"), asserting a number of state law claims against the Defendants, including breach of third-party beneficiary contract, Section 552 Restatement second claim, and common law service mark violation.

50.    The State Proceeding remains active and pending as of the undersigned date.

## COUNT I – FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

51.    Mount reasserts and reavers Paragraphs 1 through 50 as if set forth herein.

52.    Mount's Registered and Design Marks are entitled to protection under Section 43(a) of the Lanham Act.

53.    Defendants' use and promotion of marks that are confusingly similar to the Registered and Design Marks to identify Defendants' identical and similar insurance agency and brokerage services is likely to continue to cause mistake, or to

deceive as to the affiliation, connection, or association of Mount with Defendants, or as to the origin, sponsorship or approval by Mount of Defendants' services.

54.    Defendants' infringing "AMERICA'S INSURED" and  marks are so confusingly similar to Mount's "AMERICA'S



INSURED" Registered Mark and  Design Mark that consumers in the marketplace are likely to become confused, mistaken, and/or deceived as to the affiliation, connection or association between Defendants and Mount.

55.    Defendants' use of the Infringing Marks is without Mount's consent or permission.

56.    Specifically, Mount never granted Defendants, personally, a license to use the Marks and Mount revoked the license to use the Marks that had previously been granted to America's Insured, LLC once Defendants refused to execute the transfer of fifty percent (50%) of their shares in America's Insured, LLC to what would be America's Insured Holdings, LLC.

57.    Notwithstanding the foregoing, Defendants have continued to use the Infringing Marks without a license and without Mount's permission, consent or authorization since approximately June 1, 2020.

58.    The acts of America's Insured, LLC were done with full knowledge of Defendants Allenger and Parsons, who are personally liable because they directed, controlled and participated in the unlawful alleged herein, and was (and still is) the driving force behind those acts.

59.    Mount has been damaged by Defendants' unauthorized use of the Registered and Design Marks and will suffer irreparable harm.

WHEREFORE, Mount, by and through the undersigned, hereby respectfully demands judgment against Defendants, said judgment which should include provisions:

A. Granting an injunction restraining Defendants, their agents, servants, employees, successors and assigns, corporate entities, and all individuals acting in concert or participation with them, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation AMERICA'S INSURED, AMERICA IS INSURED, THE PLACE WHERE AMERICA'S INSURED, or similar variations thereof; (2) the design



mark                       or similar variations thereof; (3) any other logo, designation, design mark, or design elements that are likely to cause

confusion with or dilution of the distinctiveness of Mount's Registered and Design Marks or injury to Mount's business reputation; or (4) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendants' business and/or products and/or services are in any way associated with or related to Mount or his products and/or services;

B. Directing Defendants to account to Mount for any and all profits derived by them from the sale of products or services through the use of the Infringing Marks;

C. Awarding to Mount damages sustained by reason of Defendants' unfair competition and adequate to compensate Mount, including awarding any lost profits;

D. Awarding to Mount exemplary damages for Defendants' willful and malicious conduct;

E. Awarding to Mount his reasonable attorneys' fees for Defendants' willful and malicious conduct, in addition to the exceptional circumstances of the present case;

F. Finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing the mark AMERICA'S INSURED, AMERICA IS INSURED, THE PLACE

WHERE AMERICA'S INSURED,  , or any mark(s)

confusingly similar to the Registered and Design Marks be delivered up

for destruction pursuant to 15 U.S.C. § 1118;

G. Imposing all pre and post judgment interest at the maximum allowable

rate on the full compensatory and trebled amount awarded to Mount;

H. Awarding remuneration of Mount's costs and expenses for Mount to

investigate, prepare and prosecute this action; and/or

I. For such further and additional relief this Court deems just and proper

under the circumstances.

### COUNT II – FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

60.     Mount reasserts and reavers Paragraphs 1 through 48 as if set forth

herein.

61.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any

person from using in commerce, without the consent of the registrant:

any reproduction, counterfeit, copy, or colorable imitation of a registered mark in

connection with the sale, offering for sale, distribution, or advertising of any goods or services

on or in connection with which such use is likely to cause confusion, or to cause mistake, or

to deceive . . .

62.    Mount's "AMERICA'S INSURED" mark is federally registered.  *See*

**Exhibit A**.

63.    This registration also enjoys a statutory presumption of validity,

ownership of the Registered Mark, and Mount's exclusive right to use the Registered

Mark in connection with Mount's goods and services.

64.    Defendants' unauthorized use of the Registered Mark on or in

connection with the advertising and sale of insurance agency and brokerage services,

as described above, constitutes infringement of Mount's Registered Mark in

commerce.

65.    Defendants' "AMERICA'S INSURED" mark is identical and so

confusingly similar to Mount's "AMERICA'S INSURED" Registered Mark that

consumers in the marketplace are likely to become confused, mistaken, and/or

deceived as to the affiliation, connection or association between Defendants and

Mount.

66.    Defendants' unauthorized use of the Registered Mark is likely to cause

confusion, mistake, or deception; cause the public to believe that Defendants' products

and services emanate or originate from Mount when they do not; or that Mount has

authorized, sponsored, approved or otherwise associated itself with the Defendants or

their services.

67.    Defendants' unauthorized use of the Registered Mark has resulted in the

Defendants unfairly and illegally benefitting from Mount's valuable goodwill, which

has diligently been amassed over the years.

68.    The acts of America's Insured, LLC were done with full knowledge of Defendants Allenger and Parsons, who are personally liable because they directed, controlled and participated in the unlawful alleged herein, and was (and still is) the driving force behind those acts.

69.    This conduct has caused substantial and irreparable injury to Mount, the Registered Mark, and the substantial goodwill represented thereby.

70.    Accordingly, Defendants have engaged in trademark infringement in violation of 15 U.S.C. § 1114.

71.    Mount has been damaged by Defendants' unlawful actions and is thus entitled to damages in an amount yet to be determined.

WHEREFORE, Mount, by and through the undersigned, hereby respectfully demands judgment against Defendants, said judgment which should include provisions:

A. Granting an injunction restraining Defendants, their agents, servants, employees, successors and assigns, corporate entities, and all individuals acting in concert or participation with them, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation AMERICA'S INSURED, AMERICA IS INSURED, THE PLACE WHERE

AMERICA'S INSURED, or similar variations thereof; (2) the design

mark  or similar variations thereof; (3) any other logo,

designation, design mark, or design elements that are likely to cause confusion with or dilution of the distinctiveness of Mount's Registered and Design Marks or injury to Mount's business reputation; or (4) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendants' business and/or products and/or services are in any way associated with or related to Mount or his products and/or services;

B.  Directing Defendants to account to Mount for any and all profits derived by them from the sale of products or services through the use of the Infringing Marks;

C.  Awarding to Mount damages sustained by reason of Defendants' trademark infringement and adequate to compensate Mount, including awarding any lost profits;

D.  Awarding to Mount exemplary damages for Defendants' willful and malicious conduct;

E.  Awarding to Mount his reasonable attorneys' fees for Defendants' willful and malicious trademark infringement pursuant to 15 U.S.C. § 1117;

18

F.  Finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing the mark AMERICA'S INSURED, AMERICA IS INSURED, THE PLACE WHERE AMERICA'S INSURED, , or any mark(s) confusingly similar to the Registered and Design Marks be delivered up for destruction pursuant to 15 U.S.C. § 1118;

G.  Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Mount;

H.  Awarding remuneration of Mount's costs and expenses for Mount to investigate, prepare and prosecute this action; and/or

I.  For such further and additional relief this Court deems just and proper under the circumstances.

### COUNT III – FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

72.    Mount reasserts and reavers Paragraphs 1 through 48 as if set forth herein.

73.    Defendants use the designation "AMERICA'S INSURED" in commerce on the Infringing Domain where the infringing insurance agency and brokerage services are marketed, offered for sale, sold, and rendered to consumers.

74.    Defendants' use and promotion of a mark confusingly similar to the Registered Mark in connection with services that are similar and related to Mount's insurance agency and brokerage services is likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of Mount with Defendants, or as to the origin, sponsorship or approval by Mount of Defendants' goods and services.

75.    Defendants' use of the Infringing Mark is without Mount's permission, consent or authorization and without a valid license.

76.    Mount has been damaged by Defendants' unauthorized use of the Registered Mark and will suffer irreparable harm.

WHEREFORE, Mount, by and through the undersigned, hereby respectfully demands judgment against Defendants, said judgment which should include provisions:

A. Granting an injunction restraining Defendants, their agents, servants, employees, successors and assigns, corporate entities, and all individuals acting in concert or participation with them, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation AMERICA'S INSURED, AMERICA IS INSURED, THE PLACE WHERE

AMERICA'S INSURED, or similar variations thereof; (2) the design

mark  or similar variations thereof; (3) any other logo, designation, design mark, or design elements that are likely to cause confusion with or dilution of the distinctiveness of Mount's Registered and Design Marks or injury to Mount's business reputation; or (4) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendants' business and/or products and/or services are in any way associated with or related to Mount or his products and/or services;

B. Directing Defendants to account to Mount for any and all profits derived by them from the sale of products or services through the use of the Infringing Marks;

C. Awarding to Mount damages sustained by reason of Defendants' false designation of origin and adequate to compensate Mount, including awarding any lost profits;

D. Awarding to Mount exemplary damages for Defendants' willful and malicious conduct;

E. Awarding to Mount his reasonable attorneys' fees for Defendants' willful and malicious conduct pursuant to 15 U.S.C. § 1117;

F.  Finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing the mark AMERICA'S INSURED, AMERICA IS INSURED, THE PLACE



WHERE AMERICA'S INSURED, , or any mark(s) confusingly similar to the Registered and Design Marks be delivered up for destruction pursuant to 15 U.S.C. § 1118;

G.  Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Mount;

H.  Awarding remuneration of Mount's costs and expenses for Mount to investigate, prepare and prosecute this action; and/or

I.  For such further and additional relief this Court deems just and proper under the circumstances.

## COUNT IV – TRADEMARK COUNTERFEITING
### (15 U.S.C. § 1114)

77.  Mount reasserts and reavers Paragraphs 1 through 48 as if set forth herein.

78.  The mark used by Defendants, "AMERICA'S INSURED" in the Infringing Domain www.americasinsured.online and on this website, is identical and substantially indistinguishable from Mount's Registered Mark "AMERICA'S INSURED" which is embodied in the '316 Registration. *See* **Exhibit A**.

79.    Defendants affixed and used the Registered Mark without Mount's permission or consent.

80.    Defendants used the Registered Mark in the sale, offering for sale, rendering, or advertising of services that are covered by the '316 Registration, specifically, insurance agency and brokerage services.

81.    Defendants knew that the Registered Mark was registered by Mount and, at the very least, knew that their use of the Registered Mark was the same or substantially indistinguishable from the Registered Mark.

82.    Defendants knowingly and purposefully capitalized on and appropriated for themselves the goodwill, reputation, and customer base of Mount, as demonstrated by Defendants' repeated pattern of misappropriation and attempts at diverting Mount's customers away from Mount's website, www.americasinsured.net.

83.    The acts of America's Insured, LLC were done with full knowledge of Defendants Allenger and Parsons, who are personally liable because they directed, controlled and participated in the unlawful alleged herein, and was (and still is) the driving force behind those acts.

84.    As a direct result of Defendants' actions, Defendants received a benefit, in the form of sales and customers, to which they are not entitled.

WHEREFORE, Mount, by and through the undersigned, hereby respectfully demands judgment against Defendants, said judgment which should include provisions:

A. Granting an injunction restraining Defendants, their agents, servants, employees, successors and assigns, corporate entities, and all individuals acting in concert or participation with them, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation AMERICA'S INSURED, AMERICA IS INSURED, THE PLACE WHERE AMERICA'S INSURED, or similar variations thereof; (2) the Internet domain name www.americasinsured.online; (3) the design mark



or similar variations thereof; (4) any other logo, designation, design mark, or design elements that are likely to cause confusion with or dilution of the distinctiveness of Mount's Registered and Design Marks or injury to Mount's business reputation; or (5) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendants' business and/or products and/or services are in any way associated with or related to Mount or his products and/or services;

B. Ordering Defendants to relinquish all rights in the Internet domain name www.americasinsured.online; and directing any other party in position

to do so, *i.e.*, the Registrar of the Infringing Domain to transfer the Infringing Domain to Mount;

C. Directing Defendants to account to Mount for any and all profits derived by them from the sale of products or services through the use of the Infringing Marks or the Infringing Domain;

D. Awarding to Mount damages sustained by reason of Defendants' counterfeiting and adequate to compensate Mount, including awarding any lost profits and statutory damages pursuant to 15 U.S.C. § 1117;

E. Awarding to Mount exemplary damages for Defendants' willful and malicious trademark counterfeiting pursuant to 15 U.S.C. § 1117;

F. Awarding to Mount his reasonable attorneys' fees for Defendants' willful and malicious trademark counterfeiting pursuant to 15 U.S.C. § 1117;

G. Finding that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing the mark AMERICA'S INSURED, AMERICA IS INSURED, THE PLACE



WHERE AMERICA'S INSURED, , or any mark(s) confusingly similar to the Registered and Design Marks be delivered up for destruction pursuant to 15 U.S.C. § 1118;

H. Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Mount;

I.   Awarding remuneration of Mount's costs and expenses for Mount to investigate, prepare and prosecute this action; and/or

J.   For such further and additional relief this Court deems just and proper under the circumstances.

**COUNT V – CYBERSQUATTING**
**(15 U.S.C. § 1125(d))**

85.   Mount reasserts and reavers Paragraphs 1 through 48 as if set forth herein.

86.   Defendants registered and used the Infringing Domain, which, with the exception of the top-level domain ("TLD") ".online", is identical to the Registered Mark.

87.    Upon information and belief, Defendants are the registrant(s) of the Infringing Domain.

88.   As evidenced by the registration of the Registered Mark on the Principal Register, the Registered Mark was distinctive at the time of Defendants' use of the Infringing Domain, *i.e.*, June 14, 2022, to date.

89.   Defendants do not possess trademark rights in the Infringing Domain.

90.   The Infringing Domain does not consist of Defendants' legal names or names that are otherwise commonly used to identify Defendants.

91.   The Infringing Domain consists of a name that is commonly used to identify Mount and the products and services offered by him under the Registered Mark.

92.    Defendants intended to divert consumers from Mount's website, www.americasinsured.net, to a site that is accessible under Defendants' domain name, specifically, the Infringing Domain www.americasinsured.online.

93.    The Infringing Domain is used for Defendants' commercial gain.

94.    The Infringing Domain has harmed, and will continue to harm, the goodwill represented by the Registered Mark.

95.    Defendants intend to tarnish or disparage Mount's Registered Mark.

96.    The Infringing Domain creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Infringing Domain with Mount.

97.    Defendants knowingly and purposefully capitalized on and appropriated for themselves the goodwill, reputation, and customer base of Mount, as demonstrated by Defendants' repeated pattern of misappropriation and attempts at diverting Mount's customers away from Mount's website, www.americasinsured.net.

98.    Mount has been damaged by Defendants' unlawful use of the Infringing Domain and will suffer irreparable harm if said Domain is not enjoined.

99.    Defendants' acts, as aforesaid, are in violation of the Anti-Cybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

WHEREFORE, Mount, by and through the undersigned, hereby respectfully demands judgment against Defendants, said judgment which should include provisions:

A. Granting an injunction restraining Defendants, their agents, servants, employees, successors and assigns, corporate entities, and all individuals acting in concert or participation with them, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation AMERICA'S INSURED, AMERICA IS INSURED, THE PLACE WHERE AMERICA'S INSURED, or similar variations thereof; (2) the Internet domain name www.americasinsured.online; (3) the design mark

 or similar variations thereof; (4) any other logo, designation, design mark, or design elements that are likely to cause confusion with or dilution of the distinctiveness of Mount's Registered and Design Marks or injury to Mount's business reputation; or (5) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that Defendants' business and/or products and/or services are in any way associated with or related to Mount or his products and/or services;

B. Ordering Defendants to relinquish all rights in the Internet domain name www.americasinsured.online; and directing any other party in position

to do so, *i.e.*, the Registrar of the Infringing Domain to transfer the Infringing Domain to Mount;

C.  Awarding to Mount damages sustained by reason of Defendants' conduct and adequate to compensate Mount, including awarding any lost profits and statutory damages pursuant to 15 U.S.C. § 1117;

D.  Awarding to Mount exemplary damages for Defendants' willful and malicious conduct;

E.  Awarding to Mount his reasonable attorneys' fees for Defendants' willful and malicious conduct;

F.  Imposing all pre and post judgment interest at the maximum allowable rate on the full compensatory and trebled amount awarded to Mount;

G.  Awarding remuneration of Mount's costs and expenses for Mount to investigate, prepare and prosecute this action; and/or

H.  For such further and additional relief this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, RAY MOUNT, demands a trial by jury on all issues so triable as a matter of right.

Dated: November 4, 2022           Respectfully submitted,

*/s/ Mark C. Johnson*
Mark C. Johnson (FBN: 84365)
Email: mj@johnsonDalal.com
JOHNSON | DALAL

*Attorneys for Plaintiff*
200 South Andrews Avenue
Museum Plaza, Suite 100
Fort Lauderdale, Florida 33301
Telephone: (954) 507-4500
Facsimile: (954) 507-4502

AND

Michael I. Santucci (FBN: 105260)
E-mail: mis@500law.com
**SANTUCCI PRIORE, P.L.**
*Attorney for Plaintiff*
200 South Andrews Avenue
Museum Plaza, Suite 100
Fort Lauderdale, Florida 33301
Telephone: 954-351-7474
Facsimile: 954-351-7475